UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO ELORREAGA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ROCKWELL AUTOMATION, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-05696-HSG<br><br>**ORDER GRANTING MOTION TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL**<br><br>Re: Dkt. Nos. 203, 204 |

Pending before the Court is Defendant ViacomCBS's motion for certification of an order for interlocutory appeal under 29 U.S.C. § 1292(b).[1] Dkt. No. 203. Specifically, Defendants seek to certify for interlocutory appeal the Court's finding that the government contractor defense outlined in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), does not apply to the federal maritime law claims in this case. *See id.* The Court denied Defendants' motions for summary judgment and granted Plaintiffs' motion for partial summary judgment on this basis. *See* Dkt. No. 194 at 2–8. Plaintiffs oppose the motion for certification. Dkt. No. 208.

In general, parties may only appeal orders which "end[] the litigation on the merits and leave nothing for the court to do but execute the judgment." *Romoland School Dist. v. Inland Empire Energy Center, LLC*, 548 F.3d 738, 747 (9th Cir. 2008). Because the Court denied the applicability of this defense to Plaintiffs' claims, the order is not a final order that ends the litigation and is not appealable as of right. Defendants seek to invoke a "narrow exception" to the final judgment rule. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if certain

---

[1] Defendants General Electric Company; Air & Liquid Systems; and Warren Pumps, LLC join the motion. *See* Dkt. Nos. 204, 205, 210.

requirements are met. *Id.* "These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981). The Court finds that all three requirements are met here.

*First*, the Court finds that Defendants seek appellate review of a controlling question of law. The Ninth Circuit has previously noted that a "controlling" question of law exists where "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d at 1026. And district courts have characterized a question of law in this context as "a purely legal one that can be resolved quickly without delving into a particular case's facts." *Henley v. Jacobs*, No. C 18-2244 SBA, 2019 WL 8333448, at *2 (N.D. Cal. Oct. 25, 2019). Resolution of the purely legal issue presented here regarding the extent to which the government contractor defense is applicable to federal claims will not require any factual inquiry. And the applicability of this defense will materially affect the outcome of (or at a minimum the presentation of evidence regarding) Plaintiffs' claims against Defendants at trial. If the government contractor defense applies to federal maritime claims, it could provide Defendants with a complete defense.

*Second*, the Court finds that there are substantial grounds for difference of opinion on this issue. "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *See Couch*, 611 F.3d at 633. Courts look to whether the issue is one "over which reasonable judges might differ" and whether the "uncertainty provides a credible basis for a difference of opinion." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). As the Court recognized in its order on the motions for summary judgment, "[d]espite the age of *Boyle*, the parties have not cited—and the Court has not found—a case directly addressing whether the defense may apply to federal claims." *See* Dkt. No. 194 at 2. Several courts have applied the government contractor defense in the context of federal claims, albeit without analysis. *See id.* at 7.

*Finally*, the Court finds that an immediate appeal may materially advance the ultimate

termination of the litigation. There is no requirement that an interlocutory appeal have a "final, dispositive effect on the litigation." *Reese*, 643 F.3d at 688. Instead, this factor is related to whether the issue is a "controlling" one, and courts "consider the effect of a reversal by the Ninth Circuit on the management of the case." *Mateo v. M/S KISO*, 805 F. Supp. 792, 800 (N.D. Cal. 1992), *abrogated on other grounds by Brockmeyer v. May*, 361 F.3d 1222, 1226-27 (9th Cir. 2004). Here, without an interlocutory appeal, the case will proceed to trial and Defendants will have no opportunity to introduce evidence relevant only to the government contractor defense. This could, however, provide Defendants with a complete defense to Plaintiffs' claims. Accordingly, if the Ninth Circuit later finds that the government contractor defense is available in this context, the Court and the parties may have to re-try this case. An interlocutory appeal would thus "materially advance" this litigation by eliminating a potentially substantial and needless waste of Court and party resources.

The Court finds that its order regarding the applicability of the government contractor defense "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). Therefore, the Court **GRANTS** Defendants' motion to certify the order regarding the government contractor defense for interlocutory appeal.

The Court further **DIRECTS** the parties to meet and confer and file a joint statement by June 23, 2023, regarding when Defendants anticipate filing an application for an interlocutory appeal with the Ninth Circuit and whether the case should be stayed pending the application (and for the duration of the appeal if the Ninth Circuit grants review). This order also terminates Dkt. No. 204.

**IT IS SO ORDERED.**

Dated: 6/16/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge